889 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Curtis L. WRENN, Plaintiff-Appellant,
v.
STATE OF OHIO, MEDICAL COLLEGE OF OHIO, BOARD OF TRUSTEES,
Medical College of Ohio, Defendants-Appellees.
 No. 88-4188.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1989.
 
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 Curtis L. Wrenn, a black male born in 1930, appeals pro se the district court's grant of summary judgment to the Medical College of Ohio and its Trustees (MCO) on his race, age, and retaliatory discrimination claims. For the reasons set forth below, and in the well-reasoned opinion of the district court, we affirm.
 
 
 2
 Between August 1981 and January 1982, Wrenn applied for four management or executive positions with MCO. He was not hired for any of the four positions. Three of the positions were filled; one was not filled. MCO contends that the three positions filled went to persons who had education and experience more suited to the positions than did Wrenn.
 
 
 3
 Wrenn filed suit in the United States District Court for the Northern District of Ohio against MCO on April 30, 1982. He alleged employment discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 et seq., and Titles VI and VII of the Civil Rights Act, 42 U.S.C. Secs. 2000d and 2000e et seq. In particular, he alleged that he was not hired for these four positions because of his age and race, and in retaliation for filing previous civil rights actions against other state of Ohio entities.
 
 
 4
 The District Court had some doubt whether Wrenn could make out a prima facie case of discrimination on the grounds of age. See Blackwell v. Sun Electric Corp., 696 F.2d 1176 (6th Cir.1983). Wrenn also failed to set forth any specific facts from which discrimination could be inferred. Wrenn's pleadings and supporting materials were replete with assertions of discrimination. Yet, when deposed, Wrenn failed to offer specific examples of discrimination except for the fact that he was not hired.
 
 
 5
 As correctly analyzed by the District Court, even if Wrenn could make a prima facie case, he offered no evidence to overcome MCO's legitimate, non-discriminatory reason for not hiring him, namely that others had better experience or education. The record demonstrates that persons hired for these positions had qualifications comporting with the qualifications advertised. Thus, the district court granted summary judgment to MCO.
 
 
 6
 Viewing the evidence in the light most favorable to Wrenn, we find no error in the grant of summary judgment to MCO. We therefore affirm.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation